# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 8, 2022

Lyle W. Cayce
Clerk

No. 21-20244
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MORGAN KANU-BRADLEY,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CR-137-3

Before HIGGINBOTHAM, HIGGINSON, and DUNCAN, *Circuit Judges*.
PER CURIAM:*

Morgan Kanu-Bradley pleaded guilty to two counts of aiding and abetting assault on a federal officer, in violation of 18 U.S.C. §§ 111(a)(1), (b) and 2 (Counts 1 and 2); aiding and abetting a robbery of a person in lawful control and custody of money of the United States, 18 U.S.C. §§ 2114(a) and

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-20244

2 (Count 3); conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951(a) (Count 4); aiding and abetting interference with commerce by robbery, in violation of 18 U.S.C. §§ 1951(a) and 2 (Count 5); and aiding and abetting the brandishing of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 (Count 6). The district court imposed a non-guidelines sentence of 60 months on Counts 1-5 to run concurrent with each other and a consecutive 84-month sentence for Count 6, for a total sentence of 144 months.

Kanu-Bradley argues on appeal that the district court erred in applying the enhancement under U.S.S.G. § 2A2.2(b)(1) because his assault of the federal officer was spontaneous and did not involve more than minimal planning. This court reviews preserved challenges to the district court's interpretation and application of the Sentencing Guidelines de novo. *United States v. Rodriguez*, 630 F.3d 377, 380 (5th Cir. 2011). The factual findings a district court makes in support of its decision to apply the § 2A2.2(b)(1) enhancement are reviewed for clear error. *United States v. Lage*, 183 F.3d 374, 384 (5th Cir. 1999).

The record supports the district court's finding that there was more than minimal planning in this case. Kanu-Bradley's criminal conduct was not spontaneous, as evidenced by his admissions, along with those of his codefendants, that affirmative steps in planning took place, such as bringing guns to the robbery, discussing a plan to commit the robbery, and giving a signal at the start of the robbery and assault. Because the district court's factual findings in support of the § 2A2.2(b)(1) enhancement are plausible in light of the record as a whole, Kanu-Bradley has failed to show clear error. *See Rodriguez*, 630 F.3d at 380.

Kanu-Bradley also argues that the court erred in applying the financial motivation enhancement under U.S.S.G. § 2A2.2(b)(5) because there was no

evidence that he was paid money or offered money to commit his crimes. This court reviews the factual findings a district court makes in support of its decision to apply the § 2A2.2(b)(5) enhancement for clear error. *See Rodriguez*, 630 F.3d at 380.

As the Government argues, any error in the application of the two-level § 2A2.2(b)(5) enhancement was harmless "because the court's comments at sentencing show that the selection of the sentence was unaffected by the Guidelines." The district court's comments at sentencing clearly show that it had a 60-month sentence in mind for Counts 1-5 to account for Kanu-Bradley's culpability as well as his youth but also to keep Kanu-Bradley's sentence comparable to his codefendants while accounting for his extensive criminal history. As the court explained, the sentence was "as close as the [c]ourt [could] come to a sentence that both meets the guideline objectives and recognizes the [§] 3553(a) factors, and takes into account all of the circumstances and the sentences that have already been imposed on [Kanu-Bradley's] co-defendants." The court also expressly relied on the factors of age and the need to avoid unwarranted sentencing disparities among codefendants in its Statement of Reasons.

Though the court did indicate that it was going "a little bit below" the guidelines range, it did not refer to the allegedly incorrect range as the basis for its selected sentence. Instead, the court relied on Kanu-Bradley's characteristics (i.e., age and criminal history) and the sentences imposed on his codefendants in selecting its sentence. *See United States v. Reyna-Aragon*, 992 F.3d 381, 389 (5th Cir.), *cert. denied*, 142 S. Ct. 369 (2021). The Government has satisfied its "heavy burden" of proving that any error in the application of § 2A2.2(b)(5) was harmless. *United States v. Ibarra-Luna*, 628 F.3d 712, 717 (5th Cir. 2010).

No. 21-20244

Finally, Kanu-Bradley argues that the definition of "brandish" in § 924(c)(1)(A)(ii) is unconstitutionally vague and thus his conviction on Count 6 should be vacated and the case remanded to the district court for resentencing. He concedes, however, that review is for plain error because he did not raise this argument before the district court. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

Kanu-Bradley fails to identify any authority holding that the definition of "brandish" in § 924(c)(4) is unconstitutionally vague. "Given the lack of controlling authority on this particular vagueness issue, any error on the part of the district court was not clear or obvious and could not have been plain error." *United States v. Toure*, 965 F.3d 393, 400 (5th Cir. 2020) (internal quotation marks and citation omitted).

The judgment of the district court is AFFIRMED.